[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S OBJECTION TO COURT ORDERED PSYCHOLOGICAL EVALUATION
On June 12, 2001, Mark V. born September 1989, was convicted on file of Larceny in the 6th degree in violation of CGS Sec. 53a-125b which occurred on April 7, 2001. A psychological evaluation was ordered and a dispositional hearing postponed until that evaluation could be accomplished.
The next day, on June 13, 2001, the defendant received a summons for Breach of Peace (CGS 53a-181) and Threatening (CGS 53a-162) alleged to have occurred that same day. On June 19, 2001, he was advised of his rights and ordered to cooperate with the previously ordered psychological evaluation together with various other orders.
On July 30, 2001, the defendant was charged with Larceny 6th (CGS53a-125b) again, but on the day of his arraignment on August 2, 2001 he was a patient at Natchaug Hospital where he remained until November 16, 2001.
Because of his out-of-control behavior, Natchaug Hospital determined that long term placement would be appropriate for Mark. In an attempt to CT Page 16842 formulate an appropriate disposition, including possible placement, and working with the Department of Children and Families (DCF), Mark's probation officer sought an updated psychological evaluation of Mark on File the only file upon which the Court had authority to order such an update. The request was granted.
Because Mark has not been convicted in Docket Numbers and defense counsel objects to the granting of this request, citing Practice Book Section 31-12, Article First, Section 8 of the Connecticut Constitution, theFifth Amendment and Fourteenth Amendment of the United States Constitution, and the Sixth Amendment of the United States Constitution. All of the law cited is "Blackletter". None of the cases cited relate Section 31-12 of the Practice Book where the defendant juvenile is already convicted of a crime and then comes back to court with new matters before the original conviction is disposed of. The Court agrees that it had no jurisdiction to order the update on any file other than. The defendant cites no case from any jurisdiction prohibiting the Court from ordering such an updated psychological evaluation where there has been a conviction.
Since the defendant was in Natchaug Hospital at the time of the probation officer's request for an update, it was clear to the Court that the information in the original report, completed before he entered the hospital, needed to be updated before a meaningful decision could be made. This fact, and the order upon which it was based, did not change because of the additional files the defendant accumulated after the conviction on. Had those files not come in, the order for update would still have been entered. The Court had not only the authority, but the duty, to order that which would provide information to be used in the defendant's best interest in the process of seeking treatment as part of the disposition of.
The defendant's arguments as to his rights under the files for which there has been not conviction needs no comment. It is basic Constitutional law. The attempt to extend those protections to a file wherein the defendant has given up those rights by entering a plea admitting the crime of Larceny VI is not supported by any law. His rights in those cases are protected in numerous ways. Clearly anything he said to the clinician performing the updated psychological evaluation about any of the crimes for which he has not been convicted would be inadmissible in any trial on those charges based on the objection leading to this memorandum of decision. He can also be advised by his attorney not to discuss in any way the new charges. He can seek and most likely get a stipulation from the State's Attorney that anything he said about the new charges would not be attempted to be used against him at trial. If incriminating statements were made and included in the clinician's CT Page 16843 report to the Court, he could seek to exclude them by redaction, or, if that were not possible, he could seek to exclude the entire report. At all times his Constitutional rights are protected.
Finally, counsel argues that the defendant would be denied effective assistance of counsel were the updated psychological evaluation performed. For the reasons stated above, this argument has no merit. If the defendant's rights are protected as above stated, and if counsel advises him appropriately, there is no issue of ineffective assistance of counsel.
The defendant's objection to the order of an updated evaluation on is overruled.
MACK, J